IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| BRUHN FARMS JOINT VENTURE,<br><br>Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendant. | No. C13-4106<br><br>RULING ON MOTION FOR SPOLIATION SANCTIONS |

On the 14th day of December, 2016, this matter came on for telephonic hearing on the Motion for Spoliation Sanctions (docket number 65) filed by the Plaintiff on October 31, 2016. Attorneys Donald G. Beattie and Nicholas L. Shaull appeared on behalf of the Plaintiff. Attorney Jeffrey S. Dilley appeared on behalf of the Defendant. Also present was a representative of Defendant, Dawn Wagner.

In its motion, Plaintiff asked that judgment enter against Defendant because "[i]t is undisputed that FFIC intentionally destroyed its adjuster field notes for this loss."[1] The basis for that allegation is unclear to the Court. One of the adjusters, Larry Grieme, testified at his deposition on September 28, 2016 (before the motion for sanctions was filed) that the field notes were given to the lead adjuster, Galen Sornson. On October 3, Plaintiff served a request for production seeking the handwritten field notes. In response, Defendant produced 4 additional pages provided by Grieme and, several days later, 14 pages provided by Sornson.

Plaintiff took Mr. Sornson's deposition on November 15 (after the motion for sanctions was filed). When Defendant's counsel met with Sornson on the day prior to the deposition, Sornson disclosed he might have additional records at his home that he had not yet provided. When Sornson arrived for his deposition on the following day, he produced

---

[1] Plaintiff's Brief (docket number 65-1) at 3.

the field notes prepared by the adjusters. Apparently, the field notes correspond with those fields which Plaintiff believes were examined by the adjusters. Defendant's counsel advised the Court that there were no other field notes prepared, and none have been lost or destroyed.

Because there is no evidence Defendants destroyed any relevant documents, Plaintiff concedes that judgment for spoliation is not appropriate. Plaintiff nonetheless seeks sanctions for what it claims is Defendant's discovery abuse. As I indicated at the hearing, I find it surprising that counsel for both parties did not track down Mr. Sornson when the case was filed three years ago and obtain any documents in his possession.[2] Nonetheless, I believe Defendant acted promptly and in good faith when Plaintiff filed the additional requests for production of documents on October 3, 2016.[3] Accordingly, the Court declines to enter sanctions for any alleged discovery abuse.

Because of the timing of the production of the field notes, however, the Court finds that Plaintiff's request to take a deposition of Larry Burkhart should be permitted. The deposition must be completed not later than January 15, 2017.

## ORDER

**IT IS THEREFORE ORDERED** that the Motion for Spoliation Sanctions (docket number 65) filed by the Plaintiff is **DENIED**. Plaintiff is authorized, however, to take the deposition of Larry Burkhart. *The parties are reminded that March 6, 2017 remains a firm trial date.*

DATED this 14th day of December, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] The Court notes that the attorneys now representing Plaintiff were not involved in the case when it was initially filed.

[3] Plaintiff filed its motion for sanctions without waiting for a response.