IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

BRUHN FARMS JOINT VENTURE                                     PLAINTIFF

v.                                                                   Case No. 13-CV-4106-CJW

FIREMAN'S FUND INSURANCE COMPANY                              DEFENDANT

## DEFENDANT'S MOTION TO STRIKE SECOND
## SUPPLEMENTAL REPORT OF DAVID TRITSCH

COMES NOW the Defendant, Fireman's Fund Insurance Company ("FFIC"), and respectfully moves the Court to strike the second supplemental report of Plaintiff's expert David Tritsch in accordance with Fed.R.Civ.P. 37(a)(1) based on Plaintiff's failure to disclose such report by the expert designation deadline. In the alternative, should the Court decline to strike said report and allow the information contained therein to be presented by Plaintiff at the trial of this case, FFIC requests that a new scheduling order be entered allowing FFIC additional time to disclose rebuttal expert opinions and conduct discovery on the additional liability theories and damages contained in Mr. Tritsch's supplemental expert report. In support of this motion, FFIC would show as follows:

1. The Plaintiff, Bruhn Farms Joint Venture ("Bruhn"), has sued FFIC for breach of contract and first-party bad faith. This suit arises from a disputed claim under a crop-hail insurance policy involving alleged crop losses suffered by Bruhn in the fall of 2012.

2. Bruhn initiated this action in state court, and FFIC removed the case to this Court on November 4, 2013. Federal jurisdiction is premised on diversity of citizenship and an amount in controversy that exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

3. Plaintiff originally identified David Tritsch as an expert witness in this case in its disclosure of expert witnesses, which was served (and filed) on April 9, 2014. *See* ECF Doc. 17. This original disclosure was not accompanied by an expert witness report.

4. On January 5, 2015, which was still within the period for Plaintiff to designate its experts (*see* ECF Doc. 22), Bruhn provided FFIC's counsel with an expert report from David Tritsch. Mr. Tritsch, in this original report, quantified the Plaintiff's soybean losses at $1,267,079 (total indemnity allegedly due of $1,654,342 less $387,263 previously paid). *See* Appendix at 7, 11.

5. The Defendant deposed Mr. Tritsch regarding the opinions contained in his original report on April 24, 2015, in Council Bluffs, Iowa.

6. At the close of the original discovery period, FFIC filed a motion for summary judgment, which was granted. Bruhn appealed the summary judgment ruling to the Eighth Circuit. The Court of Appeals determined that there existed material issues of fact sufficient to warrant a trial and thus reversed the grant of summary judgment and remanded the case to the district court for further proceedings.

7. Following remand, the parties developed a discovery plan and scheduling order, which was adopted by the Court. *See* ECF Doc. 48. Pursuant to that order, a deadline of October 17, 2016, was established for Plaintiff to disclose any additional expert testimony. The order further established a deadline of December 1, 2016, for the Defendant to disclose any additional expert testimony and a discovery deadline of January 31, 2016. The trial of this matter is set to begin on March 6, 2017, in Sioux City.

8. On October 17, 2016, the Plaintiff served an amended and supplemental designation of experts, which included a supplemental report from David Tritsch. In his supplemental report,

2

Mr. Tritsch revised his quantification of the indemnities that were allegedly payable to Plaintiff (without consideration of prior payments issued on the claims) from $1,654,342 to $1,682,486. *See* Appendix at 17.

9. The Defendant served its amended expert witness designation on December 1, 2016. *See* Appendix at 37-39.

10. On January 6, 2017—more than eleven weeks after the Plaintiff's expert designation deadline—Plaintiff served a six-page second supplemental report by David Tritsch. In his second supplemental report, Mr. Tritsch offered additional liability theories, opined that payment is due on fields that were not previously disputed by Plaintiff, and increased the assessment of contract damages allegedly due the Plaintiff to $3,549,778 (more than doubling the contract damages that Mr. Tritsch disclosed in his prior reports). *See* Appendix at 41-46.

11. The Plaintiff failed to obtain leave of Court or an agreement from counsel to permit the disclosure of new expert opinions after the expert designation deadline.

12. Fed.R.Civ.P. 37(c)(1) provides that, if a party fails to provide information or disclose a witness as required by Rule 26(a) (which encompasses required expert witness disclosures), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." There are no circumstances in this case to justify the Plaintiff's late disclosure of Mr. Tritsch's second supplemental report. In addition, this supplemental report is far from harmless because, due to the late disclosure (occurring after the deadline for Defendant to disclose experts and on the eve of the discovery cut-off and trial date), Defendant cannot disclose new experts, amend its existing expert reports, conduct meaningful discovery, or otherwise prepare its case to meet the new theories and damages asserted by Mr. Tritsch at trial. Accordingly, the second supplemental

3

Case 5:13-cv-04106-CJW   Document 79   Filed 01/13/17   Page 3 of 5

report of Mr. Tritsch should be stricken and Plaintiff precluded from utilizing the information or theories presented in that report at trial.

13. In the alternative, should the Court decline to strike Mr. Tritsch's second supplemental report, FFIC requests that a new scheduling order be entered in this case allowing FFIC additional time to disclose rebuttal expert opinions and conduct discovery on the additional liability theories and damages contained in Mr. Tritsch's supplemental expert report, in order that Defendant may appropriately meet these new theories and damages at trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully moves the Court to strike the second supplemental report of Mr. Tritsch and preclude Plaintiff from utilizing the information or theories presented in that report at trial. Alternatively, the Defendant requests that a new scheduling order be entered in this case allowing FFIC additional time to disclose rebuttal expert opinions and conduct discovery on the additional liability theories and damages contained in Mr. Tritsch's second supplemental expert report. In addition, the Defendant prays for any general relief that the Court may deem appropriate in the premises.

Date: January 13, 2017

Respectfully submitted,

s/ Jeffrey S. Dilley
Jeffrey S. Dilley, *Pro Hac Vice*
jsd@henke-bufkin.com
Elizabeth T. Bufkin, *Pro Hac Vice*
etb@henke-bufkin.com
W. Kurt Henke, *Pro Hac Vice*
wkh@henke-bufkin.com
HENKE BUFKIN, P.A.
Post Office Box 39
Clarksdale, MS 38614
662-624-8500 (telephone)
662-624-8040 (fax)

Michael W. Ellwanger, AT0002283  
mellwanger@rawlings-law.com  
RAWLINGS, ELLWANGER, JACOBS  
MOHRHAUSER & NELSON, L.L.P.  
522 4TH Street, #300  
Sioux City, IA 51101-1624  
712-277-2373 (telephone)  
712-277-3304 (fax)  

*Attorneys for Fireman's Fund Insurance Company*

## Certificate of Service

I, Jeffrey S. Dilley, do hereby certify that on January 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send a notification of such filing to all counsel of record.

s/ Jeffrey S. Dilley

5

Case 5:13-cv-04106-CJW   Document 79   Filed 01/13/17   Page 5 of 5