IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

BRUHN FARMS JOINT VENTURE                                              PLAINTIFF

v.                                                             Case No. 13-CV-4106-CJW

FIREMAN'S FUND INSURANCE COMPANY                          DEFENDANT

### BRIEF IN SUPPORT OF MOTION TO STRIKE SECOND SUPPLEMENTAL REPORT OF DAVID TRITSCH

**I.    INTRODUCTION**

Plaintiff served a six-page supplemental report of its expert, David Tritsch, on January 6, 2017. This was more than eleven weeks after Plaintiff's expert designation deadline. The supplemental report contains entirely new opinions regarding liability and damages and should be stricken as untimely in accordance with Fed.R.Civ.P. 37(a)(1). Alternatively, should the Court decline to strike the supplemental report, the interests of justice dictate that the scheduling order be amended in order that Defendant may have an opportunity to meet and appropriately respond to Mr. Tritsch's new opinions.

**II.    ARGUMENTS AND AUTHORITIES**

In *Wells v. Lamplight Farms, Inc.*, 303 F.R.D. 530 (N.D.Ia.2014), Judge Strand provided a comprehensive analysis of the rules governing mandatory disclosures of expert testimony. In *Wells*, the Court observed that Fed.R.Civ.P. 26(a)(2)(A)-(B) and N.D. Ia. L.R. 26(b) "when read together, establish that the expert witness disclosure deadlines contained in a scheduling order are deadlines for disclosing all required information about a retained expert, including all of the opinions he or she will offer at trial. *Wells*, 303 F.R.D. at 534. In this case, the deadline for Plaintiff to designate experts was October 17, 2016. *See* E.C.F. Doc. 48.

Judge Strand next addressed whether and to what extent a party may supplement an expert opinion after the expert designation deadline, given the requirements for supplementation contained in Fed.R.Civ.P. 26(a)(2)(E) and (e).  The Court concluded that supplementation of reports after the expert designation deadline is only allowable for the limited purposes of correcting inaccuracies in the original report or addressing information not previously available to the disclosing party.  *Wells*, 303 F.R.D. at 536 (citing *Mineabea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C.2005) ("Rule 26(e)(1) provides a limited exception to the deadlines provided in Rule 26(a)(2)(C), requiring that an expert witness supplement his report if he 'learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing.' … Rule 26(e) does not permit parties to file supplemental reports whenever they believe such reports would be 'desirable' or 'necessary' to their case. Rather, the Rule permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.")

The Court in *Wells* further observed that, if the Plaintiff believed that a supplementation of its expert report was warranted, "the correct approach would have been to seek an extension of that deadline, not to disclose only some opinions while, in effect, attempting to reserve the right to violate the Scheduling Order by disclosing more opinions later.  Had plaintiffs sought an extension, and demonstrated good cause, all expert deadlines could have been adjusted at a time when doing so would not have impacted the discovery deadline or trial date." *Id.* at 537.

In this instance, the Plaintiff did not seek an extension of the expert disclosure deadline, nor did Plaintiff move for leave to serve an out-of-time expert disclosure.  Instead, on January 6, 2017, Plaintiff unilaterally served a six-page supplemental expert report wherein Mr. Tritsch has

2

asserted entirely new liability theories and more than doubled his estimation of contract damages allegedly due the Plaintiff. Because the Plaintiff did not seek an extension or leave, it has not yet offered any explanation of its delay in supplementing Mr. Tritsch's report. For his part, Mr. Tritsch contends that the purpose of the supplemental report was to address certain deposition testimony offered by the lead adjuster, Galen Sornson, on November 15, 2016. However, the vast majority of the opinions contained in the supplemental report are based on adjustment records and a soybean loss instruction handbook that were furnished at the inception of this case—approximately three years ago. In addition, Plaintiff has known that Galen Sornson was the lead adjuster on the subject claim from the inception of this case and could have elected to depose him on an earlier date.

Fed.R.Civ.P. 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The sanction provided under this rule is not mandatory; rather, an untimely disclosure should be stricken only where the same was substantially justified or harmless. *See Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir.2004). In addition, a district court has "'wide discretion' to fashion appropriate remedies for a party's failure to timely disclose expert opinions. The factors to consider include 'the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony.'" *Wells*, 303 F.R.D. at 537 (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir.2008), and *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir.2003)).

3

As noted, the second supplemental report of Mr. Tritsch significantly alters Plaintiff's theories of the case, both as to liability and damages. There is no justification—much less substantial justification—for the service of such a report over eleven weeks after the expert designation deadline, five weeks after the Defendant's expert designation deadline, less than four weeks before the close of discovery, and only eight weeks before the start of the trial. Additionally, the tardy submission of this report is severely prejudicial to the Defendant. Based on the current scheduling order and trial date, Defendant cannot disclose new experts, amend its existing expert reports, conduct meaningful discovery, or otherwise prepare its case to meet the new theories and damages asserted by Mr. Tritsch at trial. Consequently, the second supplemental report of Mr. Tritsch should be stricken and Plaintiff precluded from utilizing the information or theories presented in that report at trial.

Should the Court decline to strike the tardy expert report of Mr. Tritsch, the interests of justice require that the Defendant be afforded a reasonable opportunity to appropriately respond at trial to the new liability and damage theories presented by Mr. Tritsch. Thus, by way of alternative relief, FFIC asks that a new scheduling order be entered in this case allowing it additional time to disclose rebuttal expert opinions and conduct discovery on the additional liability theories and damages contained in Mr. Tritsch's supplemental expert report.

### III. CONCLUSION

For the reasons hereinabove set forth, Defendant respectfully moves the Court to strike the second supplemental report of David Tritsch and preclude Plaintiff from utilizing the information or theories presented in that report at trial. Alternatively, the Defendant requests that a new scheduling order be entered in this case allowing FFIC additional time to disclose rebuttal

4

expert opinions and conduct discovery on the additional liability theories and damages contained in Mr. Tritsch's second supplemental expert report.

Date: January 13, 2017

Respectfully submitted,

s/ Jeffrey S. Dilley
Jeffrey S. Dilley, *Pro Hac Vice*
jsd@henke-bufkin.com
Elizabeth T. Bufkin, *Pro Hac Vice*
etb@henke-bufkin.com
W. Kurt Henke, *Pro Hac Vice*
wkh@henke-bufkin.com
HENKE BUFKIN, P.A.
Post Office Box 39
Clarksdale, MS 38614
662-624-8500 (telephone)
662-624-8040 (fax)

Michael W. Ellwanger, AT0002283
mellwanger@rawlings-law.com
RAWLINGS, ELLWANGER, JACOBS
MOHRHAUSER & NELSON, L.L.P.
522 4TH Street, #300
Sioux City, IA 51101-1624
712-277-2373 (telephone)
712-277-3304 (fax)

*Attorneys for Fireman's Fund Insurance Company*

### Certificate of Service

I, Jeffrey S. Dilley, do hereby certify that on January 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send a notification of such filing to all counsel of record.

s/ Jeffrey S. Dilley