# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | | | | | POLICY NO. IA - 090 - 120853 | | | | | LOSS NO. | 219247-00 | |
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | | | | | DATE OF LOSS | | September 11, 2012 | | (H X G) | | |

Fill all spaces asking for information on each loss

| | | Stage of Growth | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | DIRECT DAMAGE | | | | | (C + D + E) | 100 - F | PLANT DAMAGE | | (F + I) |
| Item No. | Test No. | Date of Loss | Date of adjustment | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed | | Percent Crop Remaining D - F | Pod Loss | | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes | | Actual Hail Loss Percent J + M |
| 30 | | | | | | | | Totals + Factored | | | | | | | | | |
| | | | | | | | | Gross | Net | | Gross | Net | | | Gross | Net L x K | |
| No. of Acres | 1 | R 5.5 | R8 | | | | | | | | 6.8 | 6.8 | 6.8 | 93.2 | 75 | 69.9 | 76.7 |
| 150.3 | 2 | R 5.5 | R8 | | | | | | | | 8.9 | 8.9 | 8.9 | 91.1 | 75 | 68.3 | 77.2 |
| Variety | 3 | R 5.5 | R8 | | | | | | | | 6.9 | 6.9 | 6.9 | 93.1 | 75 | 69.8 | 76.7 |
| | 4 | R 5.5 | R8 | | | | | | | | 1.4 | 1.4 | 1.4 | 98.6 | 75 | 74.0 | 75.4 |
| Row Width | 5 | R 5.5 | R8 | | | | | | | | 4 | 4 | 4 | 96 | 75 | 72.0 | 76.0 |
| 15 | | | | | | | | | | | | | | | | | |

| | |
|---|---|
| Total of Tests | 382.0 |
| Average of Tests | |
| EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK | 76.4 |

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 5 | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| Total Node | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 2000 | 100 | 75 |
| | | | | | | | | | | | | | | | Total | |

Adjuster''s Commnents

LOCATION OF TESTS

Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year)                    at          o'clock     M.

| Adjuster | | Date | Insured | | Date |
|---|---|---|---|---|---|

| | |
|---|---|
| Acres | 150.3 |
| Ins Per Ac | 500 |
| liability | 75,150 |
| loss % | 76.4 |
| payment | $57,415 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | | | POLICY NO. IA - 090 - 120853 | | | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | | | DATE OF LOSS | September 11, 2012 | | (H X G) | |

| | | Stage of Growth | | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed Totals + Factored | | Percent Crop Remaining D - F | Pod Loss | | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes | | Actual Hail Loss Percent (F + I) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | A | B | C | D | E | F | G | H | I | (C + D + E) J | 100 - F K | PLANT DAMAGE L | M | N |
| Item No. 31 | Test No. | Date of Loss | Date of adjust-ment | | | | | Gross | Net | | Gross | Net | | | Gross | Net L x K | J + M |
| No. of Acres | 1 | R 5.5 | R8 | | | | | | | | 1.8 | 1.8 | 1.8 | 98.2 | 75 | 73.7 | 75.5 |
| 101 | 2 | R 5.5 | R8 | | | | | | | | 4.6 | 4.6 | 4.6 | 95.4 | 75 | 71.6 | 76.2 |
| Variety | 3 | R 5.5 | R8 | | | | | | | | 1.4 | 1.4 | 1.4 | 98.6 | 75 | 74.0 | 75.4 |
| Row Width | | | | | | | | | | | | | | | | | |
| 15 | | | | | | | | | | | | | | | | | |

| | |
|---|---|
| Total of Tests | 227.0 |

1611.2 (Total of Tests) X .934(remaining crop claim 213205-00) X .907 (remaining crop from claim 216390-00) divided by 20 (Number tests taken this claim)

EXCPTION – FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK

| | |
|---|---|
| Average of Tests | 75.7 |

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 3 Total Node | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 2000 / 20 | Total | 100 | 75 |

LOCATION OF TESTS

| Adjuster"s Commnents | | |
|---|---|---|
| | Outline Field Insured; Designate location of test by number, | |
| | NOT BY PERCENTAGE OF LOSS | |
| | Qtr | Sec 23 | Twp 84N | Rge 43W |

Date Tests Were Made (month, day, year)  at  o'clock  M.

| Adjuster | | Date | Insured | | Date |
|---|---|---|---|---|---|

| | |
|---|---|
| Acres | 101 |
| Ins Per Ac | 500 |
| liability | 50,500 |
| loss % | 75.7 |
| payment | $38,203 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | POLICY NO. IA - 090 - 120853 | LOSS NO. 219247-00 |
|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | DATE OF LOSS September 11, 2012 | (H X G) |

Fill all spaces asking for information on each loss

| | | | A | B | C | D | E | | F | G | | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | DIRECT DAMAGE | | | | | | | (C+D+E) | 100 - F | PLANT DAMAGE | | (F+I) |
| Item No. Test No. | Date of Loss | Stage of Growth / Date of adjustment | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed Totals + Factored Gross | Net | Percent Crop Remaining D - F | Pod Loss Gross | Net | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes Gross | Net L x K | | Actual Hail Loss Percent J + M |
| 32 | | | | | | | | | | | | | | | | | | |
| No. of Acres — 1 | R 5.5 | R8 | | | | | | | | 2.4 | 2.4 | 2.4 | 97.6 | 75 | 73.2 | | 75.6 |
| 255 — 2 | R 5.5 | R8 | | | | | | | | 10.2 | 10.2 | 10.2 | 89.8 | 75 | 67.4 | | 77.6 |
| Variety — 3 | R 5.5 | R8 | | | | | | | | 3.5 | 3.5 | 3.5 | 96.5 | 75 | 72.4 | | 75.9 |
| 4 | R 5.5 | R8 | | | | | | | | 5.3 | 5.3 | 5.3 | 94.7 | 75 | 71.0 | | 76.3 |
| Row Width — 5 | R 5.5 | R8 | | | | | | | | 0.8 | 0.8 | 0.8 | 99.2 | 75 | 74.4 | | 75.2 |
| 15 — 6 | R 5.5 | R8 | | | | | | | | 9.2 | 9.2 | 9.2 | 90.8 | 75 | 68.1 | | 77.3 |

| | |
|---|---|
| Total of Tests | 457.9 |
| Average of Tests | 76.3 |

EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK

## SOYBEAN FIELD NOTES

| Sample No Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 6 No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| Total Node | | | | | | | | | | | | 2000 | | | |
| % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | | 75 |

Total

Adjuster's Commnents

LOCATION OF TESTS
Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year) _____ at ____ o'clock ____ M.

| Adjuster | Date | Insured | Date |
|---|---|---|---|

| | |
|---|---|
| Acres | 255 |
| Ins Per Ac | 500 |
| liability | 127,500 |
| loss % | 76.3 |
| payment | $97,293 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | POLICY NO. IA - 090 - 120853 | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | DATE OF LOSS | September 11, 2012 | |

Fill all spaces asking for information on each loss

| | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | DIRECT DAMAGE | | | | | | (C + D + E) | 100 - F | PLANT DAMAGE | | (H X G) |
| | | | | | | | | | | | Total | Percent | Total from Field | | (F + I) |
| | Stage of Growth | Original | Plants | % Loss | Percent | Plants | Percent | Pod Loss | | | Direct | Crop | Notes | | Actual |
| Item No. Test No. | Date of | Date of | Number | Remaining | From | Crop | Destroyed | Crop | | | Damage | Remaining | | | Hail |
| | Loss | adjust- | Plants Per | Per Acre | Stand | Remaining | Totals + Factored | Remaining | Gross | Net | C + F + I | 100 - J | Gross | Net | Loss |
| 34 | | ment | Acre (1000) | (1000) | Reduction | 100 - C | Gross Net | D - F | | | | | | L x K | Percent J + M |
| No. of Acres | 1 R 5.5 | R8 | | | | | | | 11.8 | 11.8 | 11.8 | 88.2 | 75 | 66.2 | 78.0 |
| 70 | 2 R 5.5 | R8 | | | | | | | 8.4 | 8.4 | 8.4 | 91.6 | 75 | 68.7 | 77.1 |
| Variety | 3 R 5.5 | R8 | | | | | | | 11.1 | 11.1 | 11.1 | 88.9 | 75 | 66.7 | 77.8 |
| | 4 R 5.5 | R8 | | | | | | | 15.8 | 15.8 | 15.8 | 84.2 | 75 | 63.2 | 79.0 |
| Row Width | | | | | | | | | | | | | | | |
| 15 | | | | | | | | | | | | | | | |

| | | |
|---|---|---|
| Total of Tests | | 311.8 |
| Average of Tests | | 77.9 |

EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 4 | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| Total Node | | | | | | | | | | | | | | 2000 | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | | 100 | 75 |
| | | | | | | | | | | | | | 20 | Total | | |

LOCATION OF TESTS

Adjuster''s Commnents

Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year)            at        o'clock        M.

| Adjuster | | Date | | Insured | | Date |
|---|---|---|---|---|---|---|

| | |
|---|---|
| Acres | 70 |
| Ins Per Ac | 500 |
| liability | 35,000 |
| loss % | 77.9 |
| payment | $27,280 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | POLICY NO. IA - 090 - 120853 | | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | | DATE OF LOSS | September 11, 2012 | (H x G) |

Fill all spaces asking for information on each loss

| | | Stage of Growth | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | DIRECT DAMAGE | | | | | (C+D+E) | 100 - F | PLANT DAMAGE | | (F + I) |
| Item No. | Test No. | Date of Loss | Date of adjust-ment | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed | | Percent Crop Remaining D - F | Pod Loss | | Total Direct Damage C+F+I | Percent Crop Remaining 100 - J | Total from Field Notes | | Actual Hail Loss Percent J + M |
| 37 | | | | | | | | Totals + Factored | | | | | | | | | |
| No. of Acres | | | | | | | | Gross | Net | | Gross | Net | | | Gross | Net L x K | |
| | 1 | R 5.5 | R8 | | | | | | | | 7 | 7 | 7 | 93 | 75 | 69.8 | 76.8 |
| 290 | | | | | | | | | | | | | | | | | |
| | 2 | R 5.5 | R8 | | | | | | | | 9.2 | 9.2 | 9.2 | 90.8 | 75 | 68.1 | 77.3 |
| Variety | | | | | | | | | | | | | | | | | |
| | 3 | R 5.5 | R8 | | | | | | | | 4.1 | 4.1 | 4.1 | 95.9 | 75 | 71.9 | 76.0 |
| | 4 | R 5.5 | R8 | | | | | | | | 1.2 | 1.2 | 1.2 | 98.8 | 75 | 74.1 | 75.3 |
| Row Width | | | | | | | | | | | | | | | | | |
| | 5 | R 5.5 | R8 | | | | | | | | 5.6 | 5.6 | 5.6 | 94.4 | 75 | 70.8 | 76.4 |
| 15 | 6 | R 5.5 | R8 | | | | | | | | 1.7 | 1.7 | 1.7 | 98.3 | 75 | 73.7 | 75.4 |
| | 7 | R 5.5 | R8 | | | | | | | | 1.4 | 1.4 | 1.4 | 98.6 | 75 | 74.0 | 75.4 |
| | 8 | R 5.5 | R8 | | | | | | | | 0.8 | 0.8 | 0.8 | 99.2 | 75 | 74.4 | 75.2 |
| | 9 | R 5.5 | R8 | | | | | | | | 1.6 | 1.6 | 1.6 | 98.4 | 75 | 73.8 | 75.4 |

| | |
|---|---|
| Total of Tests | 683.2 |
| Average of Tests | 75.9 |

EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 9 | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| Total Node | | | | | | | | | | | | | | 2000 | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 20 | 100 | | 75 |
| | | | | | | | | | | | | | | Total | | |

Adjuster''s Commnents

LOCATION OF TESTS

Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year)               at        o'clock        M.

| Adjuster | | Date | Insured | | Date |
|---|---|---|---|---|---|

| | |
|---|---|
| Acres | 290 |
| Ins Per Ac | 500 |
| liability | 145,000 |
| loss % | 75.9 |
| payment | $110,063 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | | POLICY NO. | IA - 090 - 120853 | | | | | | | LOSS NO. | 219247-00 |

| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | | | DATE OF LOSS | September 11, 2012 | | | |

Fill all spaces asking for information on each loss

| | | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | **DIRECT DAMAGE** | | | | | | (C + D + E) | 100 - F | **PLANT DAMAGE** | | (F + I) |
| | | **Stage of Growth** | | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed | | Percent Crop Remaining D - F | Pod Loss | | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | **Total from Field Notes** | | Actual Hail Loss |
| Item No. | Test No. | Date of Loss | Date of adjust- ment | | | | | Totals + Factored | | | | | | | | | |
| 38 | | | | | | | | Gross | Net | | Gross | Net | | | Gross | Net L x K | Percent J x M |
| No. of Acres | | | | | | | | | | | | | | | | | |
| | 1 | R 5.5 | R8 | | | | | | | | 2.1 | 2.1 | 2.1 | 97.9 | 75 | 73.4 | 75.5 |
| 230 | | | | | | | | | | | | | | | | | |
| | 2 | R 5.5 | R8 | | | | | | | | 2.7 | 2.7 | 2.7 | 97.3 | 75 | 73.0 | 75.7 |
| Variety | | | | | | | | | | | | | | | | | |
| | 3 | R 5.5 | R8 | | | | | | | | 1 | 1 | 1 | 99 | 75 | 74.3 | 75.3 |
| Row Width | | | | | | | | | | | | | | | | | |
| 15 | | | | | | | | | | | | | | | | | |

| | | | Total of Tests | 226.5 |

1611.2 (Total of Tests) X .934(remaining crop claim 213205-00) X .907 (remaining crop from claim 216390-00) divided by 20 (Number tests taken this claim)

EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK — 75.5

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 3 Total Node | No. of Nodes Cut- off/Broken | | | | | | | | | | | | | | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 2000 | 100 | 75 |
| | | | | | | | | | | | | | | 20 | Total | |

Adjuster''s Commnents

## LOCATION OF TESTS

Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | | Sec 23 | Twp 84N | Rge 43W |

Date Tests Were Made (month, day, year) _____ at _____ o'clock _____ M.

| Adjuster | | | | Date | | Insured | | | | Date |

| Acres | 230 |
|---|---|
| Ins Per Ac | 500 |
| liability | 115,000 |
| loss % | 75.5 |
| payment | $86,806 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | POLICY NO. IA - 090 - 120853 | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | DATE OF LOSS | September 11, 2012 | | (H X G) |

Fill all spaces asking for information on each loss

| Item No. / Test No. | Date of Loss | Date of adjust-ment | A Original Number Plants Per Acre (1000) | B Plants Remaining Per Acre (1000) | C % Loss From Stand Reduction | D Percent Crop Remaining 100 - C | E Plants Destroyed Totals + Factored Gross | E Net | F Percent Crop Remaining D - F | G Pod Loss Gross (H) | G Pod Loss Net (I) | J Total Direct Damage C + F + I | K Percent Crop Remaining 100 - J | L Total from Field Notes Gross | M Net L x K | N Actual Hail Loss Percent J + M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | R 5.5 | R8 | | | | | | | | 2.5 | 2.5 | 2.5 | 97.5 | 75 | 73.1 | 75.6 |
| 2 | R 5.5 | R8 | | | | | | | | 4.4 | 4.4 | 4.4 | 95.6 | 75 | 71.7 | 76.1 |
| 3 | R 5.5 | R8 | | | | | | | | 7.2 | 7.2 | 7.2 | 92.8 | 75 | 69.6 | 76.8 |
| 4 | R 5.5 | R8 | | | | | | | | 4.1 | 4.1 | 4.1 | 95.9 | 75 | 71.9 | 76.0 |
| 5 | R 5.5 | R8 | | | | | | | | 16.9 | 16.9 | 16.9 | 83.1 | 75 | 62.3 | 79.2 |
| 6 | R 5.5 | R8 | | | | | | | | 3.9 | 3.9 | 3.9 | 96.1 | 75 | 72.1 | 76.0 |
| 7 | R 5.5 | R8 | | | | | | | | 20.7 | 20.7 | 20.7 | 79.3 | 75 | 59.5 | 80.2 |
| 8 | R 5.5 | R8 | | | | | | | | 61.1 | 61.1 | 61.1 | 38.9 | 75 | 29.2 | 90.3 |
| 9 | R 5.5 | R8 | | | | | | | | 42.4 | 42.4 | 42.4 | 57.6 | 75 | 43.2 | 85.6 |
| 10 | R 5.5 | R8 | | | | | | | | 42.2 | 42.2 | 42.2 | 57.8 | 75 | 43.4 | 85.6 |
| 11 | R 5.5 | R8 | | | | | | | | 21.6 | 21.6 | 21.6 | 78.4 | 75 | 58.8 | 80.4 |
| 12 | R 5.5 | R8 | | | | | | | | 42.7 | 42.7 | 42.7 | 57.3 | 75 | 43.0 | 85.7 |
| 13 | R 5.5 | R8 | | | | | | | | 19.7 | 19.7 | 19.7 | 80.3 | 75 | 60.2 | 79.9 |
| 14 | R 5.5 | R8 | | | | | | | | 11.7 | 11.7 | 11.7 | 88.3 | 75 | 66.2 | 77.9 |
| 15 | R 5.5 | R8 | | | | | | | | 28.9 | 28.9 | 28.9 | 71.1 | 75 | 53.3 | 82.2 |
| 16 | R 5.5 | R8 | | | | | | | | 17.9 | 17.9 | 17.9 | 82.1 | 75 | 61.6 | 79.5 |
| 17 | R 5.5 | R8 | | | | | | | | 3 | 3 | 3 | 97 | 75 | 72.8 | 75.8 |
| 18 | R 5.5 | R8 | | | | | | | | 35.7 | 35.7 | 35.7 | 64.3 | 75 | 48.2 | 83.9 |
| 19 | R 5.5 | R8 | | | | | | | | 40.8 | 40.8 | 40.8 | 59.2 | 75 | 44.4 | 85.2 |
| 20 | R 5.5 | R8 | | | | | | | | 17.3 | 17.3 | 17.3 | 82.7 | 75 | 62.0 | 79.3 |

Item No. 39
No. of Acres 1120
Variety
Row Width 15

| | | Total of Tests | 1611.2 |
|---|---|---|---|
| 1611.2 (Total of Tests) X .934 (remaining crop from claim 213205-00) X.975 (remaining crop from claim 216390-00) divided by 20 (Number tests taken this claim) | | Average of Tests | 73.4 |

EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK

## SOYBEAN FIELD NOTES

| Sample No. | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 20 | No. of Nodes | | | | | | | | | | | | 2000 | | | |
| Total Nodes | Cut-off/Broken | | | | | | | | | | | | | 20 | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 75 |
| | | | | | | | | | | | | | | Total | |

LOCATION OF TESTS

Adjuster''s Commnents

Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year)  October 29 or 30, 2012  at  o'clock  M.

Unkown   Not presented

| Adjuster | | Date | Insured | | Date |
|---|---|---|---|---|---|

| Acres | 1120 |
|---|---|
| Ins Per Ac | 500 |
| liability | 560,000 |
| loss % | 73.4 |
| payment | $410,821 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | POLICY NO. IA – 090 - 120853 | | | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | DATE OF LOSS | | September 11, 2012 | | (H X G) |

Fill all spaces asking for information on each loss

| | | Stage of Growth | | A | B | C | D | E | F | G | H | I | (C + D + E) | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed | Percent Crop Remaining D - F | | Pod Loss | | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes | | Actual Hail Loss Percent |
| Item No. | Test No. | Date of Loss | Date of adjust-ment | | | | | Totals + Factored | | | | | | | | | |
| 40 | | | | | | | | Gross | Net | | Gross | Net | | | Gross | Net L x K | J + M |

| Item No. | Test No. | Date of Loss | Date of adjustment | A | B | C | D | E Gross | E Net | F | G | H Gross | I Net | J | K | L Gross | M Net | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| No. of Acres | 1 | R 5.5 | R8 | | | | | | | | | 19 | 19 | 19 | 81 | 75 | 60.8 | 79.8 |
| 152.2 | 2 | R 5.5 | R8 | | | | | | | | | 60.9 | 60.9 | 60.9 | 39.1 | 75 | 29.3 | 90.2 |
| Variety | 3 | R 5.5 | R8 | | | | | | | | | 47.2 | 47.2 | 47.2 | 52.8 | 75 | 39.6 | 86.8 |
| | 4 | R 5.5 | R8 | | | | | | | | | 11.6 | 11.6 | 11.6 | 88.4 | 75 | 66.3 | 77.9 |
| Row Width | 5 | R 5.5 | R8 | | | | | | | | | 32.2 | 32.2 | 32.2 | 67.8 | 75 | 50.9 | 83.1 |
| 15 | 6 | R 5.5 | R8 | | | | | | | | | 13.5 | 13.5 | 13.5 | 86.5 | 75 | 64.9 | 78.4 |

| | Total of Tests | 496.1 |
|---|---|---|
| 496.1(total all samples) X .95 (remaining liability claim 213205-00)/6 (number of samples) | Average of Tests | |
| EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK | | 78.5 |

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 6 | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| Total Node | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 2000 | 100 | 75 |
| | | | | | | | | | | | | | | | Total | |

LOCATION OF TESTS

Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Adjuster's Commnents

Date Tests Were Made (month, day, year) _____ at ____ o'clock ____ M.

Adjuster _____ Date _____  Insured _____ Date _____

| Acres | 152.2 |
|---|---|
| Ins Per Ac | 500 |
| liability | 76,100 |
| loss % | 78.5 |
| payment | $59,776 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | POLICY NO. | IA - 090 - 120853 | | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|---|---|

| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | DATE OF LOSS | September 11, 2012 | | | (H X G) |
|---|---|---|---|---|---|---|---|---|

Fill all spaces asking for information on each loss

| | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Stage of Growth | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed Totals + Factored | Percent Crop Remaining D - F | Pod Loss | | (C + D + E) Total Direct Damage C + F + I | 100 - F Percent Crop Remaining 100 - J | PLANT DAMAGE Total from Field Notes | | Actual Hail Loss Percent (F + I) |
| Item No. | Test No. | Date of Loss / Date of adjustment | | | | | Gross / Net | | Gross | Net | | | Gross | Net L x K | J x M |
| 41 No. of Acres | | | | | | | | | | | | | | | |
| 120 | 1 | R 5.5 / R8 | | | | | | | 77.7 | 77.7 | 77.7 | 22.3 | 75 | 16.7 | 94.4 |
| Variety | 2 | R 5.5 / R8 | | | | | | | 83.5 | 83.5 | 83.5 | 16.5 | 75 | 12.4 | 95.9 |
| | 3 | R 5.5 / R8 | | | | | | | 84.3 | 84.3 | 84.3 | 15.7 | 75 | 11.8 | 96.1 |
| Row Width | 4 | R 5.5 / R8 | | | | | | | 81.4 | 81.4 | 81.4 | 18.6 | 75 | 14.0 | 95.4 |
| 15 | 5 | R 5.5 / R8 | | | | | | | 36.4 | 36.4 | 36.4 | 63.6 | 75 | 47.7 | 84.1 |
| | 6 | R 5.5 / R8 | | | | | | | 61.9 | 61.9 | 61.9 | 38.1 | 75 | 28.6 | 90.5 |

| Total of Tests | 556.3 |
|---|---|
| Average of Tests | |
| EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK | 92.7 |

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 6 | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| Total Node | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 2000 | 100 | 75 |
| | | | | | | | | | | | | | | 20 | Total | |

LOCATION OF TESTS

Outline Field Insured; Designate location of test by number,

Adjuster's Commnents

NOT BY PERCENTAGE OF LOSS

| Qtr | | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|---|

Date Tests Were Made (month, day, year)                    at          o'clock          M.

| Adjuster | | Date | | Insured | | Date |
|---|---|---|---|---|---|---|

| Acres | 120 |
|---|---|
| Ins Per Ac | 500 |
| liability | 60,000 |
| loss % | 92.7 |
| payment | $55,630 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | POLICY NO. IA - 090 - 120853 | | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | DATE OF LOSS | September 11, 2012 | | (H X G) | |

Fill all spaces asking for information on each loss

| | | Stage of Growth | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | DIRECT DAMAGE | | | | | (C+D+E) | 100 - F | PLANT DAMAGE | | |
| Item No. 42 | Test No. | Date of Loss | Date of adjust-ment | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction 100 - C | Percent Crop Remaining 100 - C | Plants Destroyed Totals + Factored Gross | Net | Percent Crop Remaining D - F | Pod Loss Gross | Net | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes Gross | Net L x K | Actual Hail Loss Percent J + M (F + I) |
| No. of Acres | 1 | R 5.5 | R8 | | | | | | | | 2.1 | 2.1 | 2.1 | 97.9 | 75 | 73.4 | 75.5 |
| 280 | 2 | R 5.5 | R8 | | | | | | | | 1.7 | 1.7 | 1.7 | 98.3 | 75 | 73.7 | 75.4 |
| Variety | 3 | R 5.5 | R8 | | | | | | | | 2.9 | 2.9 | 2.9 | 97.1 | 75 | 72.8 | 75.7 |
| | 4 | R 5.5 | R8 | | | | | | | | 2.5 | 2.5 | 2.5 | 97.5 | 75 | 73.1 | 75.6 |
| Row Width | 5 | R 5.5 | R8 | | | | | | | | 1.8 | 1.8 | 1.8 | 98.2 | 75 | 73.7 | 75.5 |
| 15 | 6 | R 5.5 | R8 | | | | | | | | 5.2 | 5.2 | 5.2 | 94.8 | 75 | 71.1 | 76.3 |
| | 7 | R 5.5 | R8 | | | | | | | | 3.6 | 3.6 | 3.6 | 96.4 | 75 | 72.3 | 75.9 |
| | 8 | R 5.5 | R8 | | | | | | | | 2.1 | 2.1 | 2.1 | 97.9 | 75 | 73.4 | 75.5 |

| | |
|---|---|
| Total of Tests | 605.5 |
| Average of Tests | 75.7 |

EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 8 Total Node | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 2000 / 20 Total | 100 | 75 |

Adjuster''s Commnents

### LOCATION OF TESTS

Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year) _____ at _____ o'clock ____ M.

Adjuster _____ Date _____    Insured _____ Date _____

| | |
|---|---|
| Acres | 280 |
| Ins Per Ac | 500 |
| liability | 140,000 |
| loss % | 75.7 |
| payment | $105,958 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | POLICY NO. | IA - 090 - 120853 | | | | | | LOSS NO. | 219247-00 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | | DATE OF LOSS | September 11, 2012 | | | | |

Fill all spaces asking for information on each loss

| | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Stage of Growth | | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed | | Percent Crop Remaining D - F | Pod Loss | | **DIRECT DAMAGE** (C + D + E) | **PLANT DAMAGE** 100 - F | | | |
| Item No. 43 | Test No. | Date of Loss | Date of adjust-ment | | | | | Totals + Factored Gross / Net | | | Gross | Net | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes Gross / Net | | Actual Hail Loss Percent J + M |
| No. of Acres | 1 | R 5.5 | R8 | | | | | | | | 1.4 | 1.4 | 1.4 | 98.6 | 75 | 74.0 | 75.4 |
| 155 | 2 | R 5.5 | R8 | | | | | | | | 1.6 | 1.6 | 1.6 | 98.4 | 75 | 73.8 | 75.4 |
| Variety | 3 | R 5.5 | R8 | | | | | | | | 5.1 | 5.1 | 5.1 | 94.9 | 75 | 71.2 | 76.3 |
| | 4 | R 5.5 | R8 | | | | | | | | 2.8 | 2.8 | 2.8 | 97.2 | 75 | 72.9 | 75.7 |
| Row Width | 5 | R 5.5 | R8 | | | | | | | | 32.9 | 32.9 | 32.9 | 67.1 | 75 | 50.3 | 83.2 |
| 15 | | | | | | | | | | | | | | | | | |

Column headers reference:
- A: Original Number Plants Per Acre (1000)
- B: Plants Remaining Per Acre (1000)
- C: % Loss From Stand Reduction
- D: Percent Crop Remaining 100 - C
- E, F: Plants Destroyed / Totals + Factored Gross, Net
- G: Percent Crop Remaining D - F
- H, I: Pod Loss Gross, Net
- J: (C + D + E) Total Direct Damage C + F + I
- K: 100 - F Percent Crop Remaining 100 - J
- L, M: Total from Field Notes Gross, Net L x K
- N: (F + I) Actual Hail Loss Percent J + M

| | |
|---|---|
| Total of Tests | 386.0 |
| Average of Tests | |
| EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK | 77.2 |

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 5 Total Node | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | 2000 | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 20 | 100 | 75 |
| | | | | | | | | | | | | | | Total | | |

Adjuster''s Commnents

### LOCATION OF TESTS
Outline Field Insured; Designate location of test by number, NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year)          at        o'clock        M.

| Adjuster | | Date | Insured | | Date |
|---|---|---|---|---|---|

| | |
|---|---|
| Acres | 155 |
| Ins Per Ac | 500 |
| liability | 77,500 |
| loss % | 77.2 |
| payment | $59,822 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | | POLICY NO. | IA - 090 - 120853 | | | | | LOSS NO. | 219247-00 |
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | | | | DATE OF LOSS | September 11, 2012 | | (H X G) |

Fill all spaces asking for information on each loss

| | | Stage of Growth | | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed | | Percent Crop Remaining D - F | Pod Loss | | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes | | Actual Hail Loss Percent (F + I) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Totals + Factored | | | | | | | | | |
| Item No. | Test No. | Date of Loss | Date of adjust-ment | | | | | Gross | Net | | Gross | Net | | | Gross | Net L x K | |
| | | | | | DIRECT DAMAGE | | | | | | | | (C + D + E) | 100 - F | PLANT DAMAGE | | |
| | | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
| 54 | | | | | | | | | | | | | | | | | |
| No. of Acres | 1 | R 5.5 | R8 | | | | | | | | 1.6 | 1.6 | 1.6 | 98.4 | 75 | 73.8 | 75.4 |
| 72 | 2 | R 5.5 | R8 | | | | | | | | 1.7 | 1.7 | 1.7 | 98.3 | 75 | 73.7 | 75.4 |
| Variety | 3 | R 5.5 | R8 | | | | | | | | 3.1 | 3.1 | 3.1 | 96.9 | 75 | 72.7 | 75.8 |
| Row Width | | | | | | | | | | | | | | | | | |
| 15 | | | | | | | | | | | | | | | | | |

| | | |
|---|---|---|
| Total of Tests | | 226.6 |
| Average of Tests | | |
| EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK | | 75.5 |

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 thru 3 | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| Total Node | | | | | | | | | | | | | | 2000 | | |
| | % Defoliation | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | | 100 | 75 |
| | | | | | | | | | | | | | 20 | Total | | |

Adjuster's Commnents

### LOCATION OF TESTS
Outline Field Insured; Designate location of test by number,
NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

Date Tests Were Made (month, day, year) _____ at _____ o'clock _____ M.

| Adjuster | | Date | | Insured | | Date |
|---|---|---|---|---|---|---|

| | |
|---|---|
| Acres | 72 |
| Ins Per Ac | 500 |
| liability | 36,000 |
| loss % | 75.5 |
| payment | $27,192 |

# SOYBEAN SURVEY SHEET

| INSURED | BRUHN FARMS JOINT VENTURE | | | POLICY NO. IA - 090 - 120853 | | | | | LOSS NO. | 216639-00 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| INSURANCE CO. | FIREMAN'S FUND INSURANCE COMPANY | | | | | | DATE OF LOSS | August 16, 2012 | | (H X G) | | |

Fill all spaces asking for information on each loss

| | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | DIRECT DAMAGE | | | | | (C + D + E) | 100 - F | PLANT DAMAGE | | |
| | | Stage of Growth | Original Number Plants Per Acre (1000) | Plants Remaining Per Acre (1000) | % Loss From Stand Reduction | Percent Crop Remaining 100 - C | Plants Destroyed | Percent Crop Remaining D - F | Pod Loss | | | Total Direct Damage C + F + I | Percent Crop Remaining 100 - J | Total from Field Notes | | Actual Hail Loss Percent |
| Item No. | Test No. | Date of Loss | Date of adjust-ment | | | | | Totals + Factored | | | | | | | | (F + I) |
| 39 | | | | | | | | Gross | Net | | Gross | Net | | | Gross | Net L x K | J + M |
| No. of Acres | 1 | R 3.5 | R5 | | | | | | | | | | | 100 | 2 | 2.0 | 2.0 |
| 1120 | 2 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.8 | 2.8 | 2.8 |
| Variety | 3 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.8 | 2.8 | 2.8 |
| | 4 | R 3.5 | R5 | | | | | | | | | | | 100 | 3 | 3.0 | 3.0 |
| Row Width | 5 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.8 | 2.8 | 2.8 |
| 15 | 6 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.4 | 2.4 | 2.4 |
| | 7 | R 3.5 | R5 | | | | | | | | | | | 100 | 3 | 3.0 | 3.0 |
| | 8 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.4 | 2.4 | 2.4 |
| | 9 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.6 | 2.6 | 2.6 |
| | 10 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.6 | 2.6 | 2.6 |
| | 11 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.8 | 2.8 | 2.8 |
| | 12 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.6 | 2.6 | 2.6 |
| | 13 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.6 | 2.6 | 2.6 |
| | 14 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.6 | 2.6 | 2.6 |
| | 15 | R 3.5 | R5 | | | | | | | | | | | 100 | 2.4 | 2.4 | 2.4 |

| | | |
|---|---|---|
| | Total of Tests | 39.4 |

39.4 (Total of Tests) X .934 (remaining crop from claim 213205-00) divided by 15 (Number tests taken this claim)

| | |
|---|---|
| Average of Tests | |
| EXCPTION - FOR SECOND AND SUBSEQUENT LOSSES, REFER TO HANDBOOK | 2.5 |

## SOYBEAN FIELD NOTES

| Sample No | Plant No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 thru 15 | 16 | 17 | 18 | 19 | 20 | Total | % | % Loss |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Node | No. of Nodes Cut-off/Broken | | | | | | | | | | | | | | | |
| | % Defoliation | | | | | | | | | | | | 20 | | | |
| | | | | | | | | | | | | | | Total | | |

Adjuster's Commnents

LOCATION OF TESTS
Outline Field Insured; Designate location of test by number,
NOT BY PERCENTAGE OF LOSS

| Qtr | Sec 23 | Twp 84N | Rge 43W |
|---|---|---|---|

| Date Tests Were Made (month, day, year) | October 29 or 30, 2012 | at | o'clock | M. |
|---|---|---|---|---|

| Unkown | | | | Not presented | | |
|---|---|---|---|---|---|---|
| Adjuster | | Date | | Insured | | Date |

| | |
|---|---|
| Acres | 1120 |
| Ins Per Ac | 500 |
| liability | 560,000 |
| loss % | 2.5 |
| payment | $13,739 |

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

BRUHN FARMS JOINT VENTURE                                    PLAINTIFF

v.                                                    Case No. 13-CV-4106-DEO

FIREMAN'S FUND INSURANCE COMPANY                          DEFENDANT

**DEFENDANT'S AMENDED AND SUPPLEMENTAL
RULE 26(a)(2) EXPERT DISCLOSURE STATEMENT**

COMES NOW Defendant, Fireman's Fund Insurance Company ("FFIC"), by and

through counsel, and, pursuant to Fed.R.Civ.P. 26(a)(2), discloses that the following individuals

have been retained to provide expert testimony in connection with this case:

**1.**    John M. Brown



(Report attached as Exhibit 1)

**2.**    Clifton R. Parker



(Report attached as Exhibit 2)

**3.**    Gregory Meek



(Report attached as Exhibit 3)

**4.**    Steven C. Griffin
CVision Corporation



(Report attached as Exhibit 4)

5.    John J. Mewes

      

      (Report attached as Exhibit 5)

6.    While not retained experts, any persons identified as potential witnesses in FFIC's
      initial (Rule 26(a)(1)) disclosures or answers to interrogatories may be asked to
      offer expert testimony within the meaning and contemplation of F.R.E. 702 on the
      basis of their education, experience, and training in crop insurance.

7.    FFIC reserves the right to call any expert designated by the Plaintiff.

Date: December 1, 2016                    Respectfully submitted,


                                          *Jeffrey S. Dilley*
                                          Jeffrey S. Dilley (*Pro Hac Vice*)
                                          jsd@henke-bufkin.com
                                          Elizabeth T. Bufkin (*Pro Hac Vice*)
                                          etb@henke-bufkin.com
                                          W. Kurt Henke (*Pro Hac Vice*)
                                          wkh@henke-bufkin.com
                                          HENKE BUFKIN, P.A.
                                          Post Office Box 39
                                          Clarksdale, MS 38614
                                          662-624-8500 (telephone)
                                          662-624-8040 (fax)


                                          Michael W. Ellwanger, AT0002283
                                          mellwanger@rawlings-law.com
                                          RAWLINGS, ELLWANGER, JACOBS
                                          MOHRHAUSER & NELSON, L.L.P.
                                          522 4TH Street, #300
                                          Sioux City, IA 51101-1624
                                          712-277-2373 (telephone)
                                          712-277-3304 (fax)


                                          *Attorneys for Fireman's Fund
                                          Insurance Company*

## Certificate of Service

I, Jeffrey S. Dilley, do hereby certify that I have this day served, via electronic mail, a true and correct copy of the above and foregoing document to each of the following:

Mr. Nile Hicks
nile.hicks@beattielawfirm.com
BEATTIE LAW FIRM, P.C.
4300 Grand Ave.
Des Moines, IA 50312

Mr. Donald G. Beattie
don.beattie@beattielawfirm.com
BEATTIE LAW FIRM, P.C.
4300 Grand Ave.
Des Moines, IA 50312

Mr. Nicholas L. Shaull
Nick.Shaull@SBSAttorneys.com
SPAULDING, BERG, & SCHMIDT, P.L.C.
2423 Ingersoll Ave.
Des Moines, IA 50312

This, the 1st day of December, 2016.

_Jeffrey S. Dilley_
Jeffrey S. Dilley

# Exhibit 4

2nd Supplementary January 3, 2017

1st Supplementary Report October 17, 2016

Initial Report January 5, 2015

This is my second supplementary report in the Bruhn matter. New information since my last report was provided in Galen Sornson's deposition. Galen was the lead *adjuster* on the September 11, 2012 hail storm. An *adjuster* is an individual who investigates losses. This claim file should have been rejected upon return receipt to RCIS for being incomplete. There are four main steps in the loss adjustment process: notice of loss, investigation, proof of loss, and payment or denial of the claim. I will review each step as it pertains to this claim.

**Notice:** Page 1 of RCIS's 2012 Crop-Hail Loss Adjustment Manual (FFIC 0741) states: "The agent's responsibility on a crop-hail loss is to submit the insured's notice of loss to the company." Al Bruhn's insurance agent for this crop-hail policy was Terry Nielsen. In Nielsen's deposition, he was asked what day did Al Bruhn notify him of the September 11, 2012 storm and Mr. Nielsen responded: "it was soon". Without a doubt Al Bruhn fully complied with RCIS's procedure. The actual notice of loss for the September 11, 2012 storm is not in the material I have reviewed.

As an agent, I have never reported a claim without a notice of loss. As an adjuster, I have never worked a claim without a notice of loss. I began my insurance career on election day 1976; this is the first claim I have been involved with without being presented a notice of loss. Without a notice of loss stating which lines were damaged by hail and which were not; the adjuster would be responsible to inspect every location listed in the policy declarations.

Claims are expenses for insurance companies. Standard operating procedures of all insurance companies is to set loss reserves allowing money to be set aside to pay the pending expense. An employee at RCIS named Steve Kevorkain, Area Clams Supervisor, was responsible for setting the loss reserve for this claim. Page FFIC 0105 contains this statement: "Steve Kevorkian said he had included this one in his estimates he gave earlier but had projected a higher number." Galen Sornson's investigation determined a lower number than projected by the Area Claims Supervisor.

**Investigation:** The purpose of this investigation was to determine if the hail claim was covered and what were Bruhn's damages. The RCIS 2012 Crop-Hail Loss Adjustment Manual has a section titled Basic Adjuster Procedures. Page 5 (FFIC 0745) has a checklist of duties the adjuster must perform prior to meeting the insured. Item 7. Follows:

> Determine if the loss was reported timely. If there is any question regarding coverage, the adjuster and insured should sign the top part of the non-waiver form before doing the field adjustment.

Continuing this investigation without a non-waiver confirmed lead adjuster Galen Sornson agreed: (1) Al Bruhn complied with RCIS notice of loss requirements and (2) damage to the crop would be determined per policy provisions. Sornson understood all lines (fields) on this policy required a physical inspection. The total acreage requiring inspection was 11,998.7 acres of corn, soybeans, and rye. Sornson was responsible for laying out a plan to inspect all lines listed in the declarations for hail damage.

The Random House Dictionary, unabridged edition, provides several meanings of the word damage. The first definition, "Injury or harm that impairs value or usefulness: *The storm did considerable damage to the crops.*" The dictionary defines damage, and this policy provides a strict set of rules to determine the injury, expressed as a percentage of lost potential yield.  Policy provision **3. DUTIES AFTER LOSS** c. *Adjustment Procedures.* States: "Both you and we agree that the percentage of loss (i.e. damage to crop) will be determined using the crop-hail loss adjustment procedures published by National Crop Insurance Services," (NCIS) bracketed material added by me.  RCIS made this statement in their propriety policy form known as RCIS GP 3 IA-MN (01-07) therefore they must adhere to their words. As stated earlier in my January 5, 2012 report; this extension means these handbooks are part of the insurance contract.

Examining Sornson's statements his initial inspection was made either October 22 or October 29.  Either date, the growing season was over and the crop had been harvested. The NCIS Soybean Loss Instructions provides guidance on timeliness of inspections on page 3: "Except for losses occurring near harvest, claims should not be finalized until at least 10 days following the hailstorm." Early in the growing season a young plant will produce new vegetative growth if it survives the hail storm. Late in the growing season the plant has stopped new vegetative growth as it focuses on seed development. With correct staging at R 5.5 this clam should have been finalized as early as September 21, 2012.

The NCIS loss instructions provide a severe penalty to crop insurance companies delaying initial inspections until after the growing season has ended. There are no instructions in the NCIS Soybean Handbook to determine if plants were killed by hail or freezing temperatures. The instructions are to account for dead plants only.  Page 18 of the manual states: "1. Dead plants or plants that are cut off below the cutting height (Fig. 16) are considered non-harvestable and counted on a 1 -for- 1 loss basis." Per the percentage of loss instructions, because all the plants are dead, the percentage of damage is 100%, therefore policy limits could be paid on all soybean acres.

Sornson totally disregarded in the National Crop Insurance Handbook acting as lead adjuster for this claim. He failed to implement a control system to assure all locations on the notice of loss were inspected. Sornson was responsible for determining the plant stage on September 11, 2012 between R5 (seeds beginning to develop at one of the four uppermost nodes) and R6 (Pod containing green seeds that fills the pod cavity at one of the four uppermost nodes). RCIS allowing this error demonstrates a willful disregard for their own policy provisions.

The delay in adjustment and Sornson's subsequent error, RCIS used a loop hole in the NCIS handbook allowing RCIS to pay less than policy limits. The only type of damage (injury or harm that impairs value) which can occur after the growing season is known as a **shatter loss.** Shatter loss is defined on page 21 of the Soybean Loss Instructions as: a. Loss of mature yellow seed on the ground. b. Seed that will be lost before or during combining from pods that have opened sufficiently so the seed is visible. Sornson did not mention seeing any mature yellow seed on the ground. RCIS instructions for High Dollar Claims provided in the manual on page FFIC 0785 require pictures from all adjusters on a high dollar claim. No adjuster provided any pictures of yellow soybeans or of twisted pods an experienced crop-hail adjuster would expect to find on a shatter loss. On September 11, 2011, these soybeans were green. They were not mature enough to have yellow beans on the ground. The earliest stage Sornson reported was R7. I am of the opinion soybean shatter losses can occur earlier than R7 as all pods on a plant do not mature at the same time.

In my opinion RCIS developed a strategy to eliminate nearly all steps in evaluating damage payable caused by hail on September 11, 2012, therefore reducing the amount owed Bruhn. On October 3, 2012, a week to the day after RCIS "booked" the notice of loss the claim was assigned to an adjuster. RCIS assigned this claim to Galen Sornson an independent contractor. It is a common practice for independent adjusters to have contracts with multiple insurance companies. An adjuster can receive claims concurrently from multiple companies. The adjuster determines the order in which to investigate claims. Taking the path of least resistance, easy claims are investigated first. RCIS should have assigned this claim to an <u>employee</u> adjuster providing instructions for immediate inspection or be subject to termination. An employee adjuster fearing the loss of their job would have inspected all locations the notice of loss reported damage.

By mid-October the growing season is normally over in western Iowa. The plants are dead and require harvesting. General Provision "**14. EXCLUSION**. We do not cover: d. Loss due to your neglect or failure to harvest mature crops." This was very stressful for Bruhn as RCIS could deny coverage if he failed to harvest. Adding to the mental stress General Provision "**6. APPRAISAL.** a. The entire crop or a representative sample of the crop, as defined in the policy, must remain intact until a determination of the percentage of loss is rendered by these procedures." This policy does not define representative sample. Bruhn expressed his anxiety with Galen Sornson in their initial telephone conversation. From Sornson's statement FFIC 0089: "He (Bruhn) felt it should have been worked before he had to leave samples. I told him I could not work this claim alone because of all the acres and was waiting for other adjuster's workloads to ease up so they could help." RCIS assigned this claim to lead adjuster without the management authority to gather the workforce required to complete this claim. This claim should have seen assigned to a supervisor that could have directed subordinates to show up at Bruhn farm immediately.

On October 17, 2015, Galen Sornson called Larry Grieme (FFIC 0087) "and said he needed help – shatter claim- '. Sornson labeled this claim as a shatter loss 5 weeks and 1 day after the storm and 12 days before his initial inspection. Sornson made this telephone call because the RCIS Loss Adjustment Manual states on page FFIC 0745 "BEFORE MEETING THE INSURED item 1. Study liability coverage to determine potential high dollar loss." Instructions to complete high dollar claims are listed on page FFIC 0785 requiring two adjusters signature. Just two days short of 4 weeks since Sornson received this claim, the field inspection began.

**Proof of loss:** Policy provision **3. DUTIES AFTER LOSS** a. *Your Duties Are.* (7) "submit to us a signed statement in proof of loss declaring your loss" so that RCIS may determine its liability under this policy. The adjuster prepares the document for the insured's signature. By signing Bruhn would be agreeing to the following statement: "I agree that the Agreed % of Loss indicated above shall be the basis for calculating the full payment due, subject to all policy provisions, for all losses sustained to date. I declare that the facts stated herein are true, and I agree that this Proof of Loss shall be binding on both parties, subject to audit of the supporting paper and approved by the Company." Al Bruhn did not agree with the indicated percentage of loss (damage). He was correct **not** to sign this proof of loss.

There is much more to this statement on the proof of loss to determine an indemnity payment than percentage of loss (damage). Returning to the same dictionary mentioned earlier we find the second definition of damage: "**2. damages,** *Law,* the estimated money equivalent for detriment or injury sustained." Percentage of loss (plant damage from NCIS handbook) is only the foundation for the

damages owed Bruhn. The entire policy needs to be examined to determine the indemnity payment (damages).

RCIS was notified of Al Bruhn's decision not to sign the proof of loss by their common agent Terry Nielsen. Per Galen Sornson's hand written report page FFIC 1128 he made the following statement: "I met with the agent Terry Nielsen he told me Al would like the loss percentage raised on certain fields. I told the agent there was no way that was going to happen. End of meeting." The arithmetic errors alone required the loss percentage be raised. Not listening to Bruhn demonstrates this adjuster lacks the necessary poise and an understanding of human nature to present a proof of loss.

Fortunately, General Provision **6. APPRAISAL.** Provides a framework to determine the percentage of loss when insurer and insured cannot agree on the percentage of loss (damage). Both insurer and insured have an equal right to this provision when there is no doubt a loss occurred. In my opinion, it was a management decision by RCIS **not** to invoke the Appraisal provision. The appraisal process allows each party to select an appraiser. Together the two appraisers would select an umpire. Allowing three new experts to review this file would have exposed management's strategy to underpay the claim (cut expenses). When RCIS waived their wright asking for the APPRAISAL provision to be implemented they started taking Bruhn down the primrose path. Bruhn was negotiating directly with RCIS without the benefit of an appraiser or an umpire.

General Provision **5. REDUCTION OF INSURANCE.** was completely ignored as I explained in my January 5, 2015 report. This caused line 40 to be underpaid approximately 11% on the Proof of loss Sornson faxed to Bruhn November 5, 2012. This error not only affected Bruhn but it affected all RCIS customers with multiple losses on a field during a growing season. This would big savings for a crop insurance company over several years.

Special Provisions **2. CATASTROPHE LOSS AWARD** allows for an additional one-half percent of damage in addition to the percentage of loss more than seventy percent, until all liability is paid. This was allowed for in my second corrected claim.

Page FFIC 0785 RCIS Crop-Hail Loss Adjustment Manual provides the following instructions concerning the insured's signature "For high dollar claims – do not have the insured sign the proof until both Adjuster and/or field reviews have been completed." The auditor completed the field review November 27, 2012. This is the first day RCIS procedure allowed for the proof of loss to be presented to Al Bruhn. We know from Galen Sornson's testimony a proof of loss was faxed on November 5, 2012, for Al Bruhn signature. The percentage of loss (hand written) listed on the faxed copy (FFIC 1130-1133) sent for Bruhn's signature are not identical the to the proof of loss signed by Sornson (FFIC 1124 -1125). For example, Sornson did not have an entry for line 11 on his hand-written proof sent to Bruhn, the computer-generated copy he signed has an entry. This was a $25,545 error in RCIS's favor Bruhn was asked to sign.

**Payment or denial of the claim:** If all went well and Al Bruhn agreed with the investigation the proof of loss would be submitted to the claims department. Once the claim received for payment an internal audit begins. This is a different audit from the field audit which is to be completed prior to obtaining the insured's signature on the proof of loss. The internal audit is when the words on the proof of loss "subject to audit of the supporting paper" comes into play.

An auditors job is to find mistakes. Auditors have instructions as to which mistakes they can correct and which mistakes must be corrected by the adjuster. For example, the auditor can correct arithmetic errors on completed forms. The auditor cannot create or complete uncompleted forms. Those claims must be rejected and sent back to the field for completion.

Early in my career I was an auditor for crop-hail claims (my official title was Junior Field Representative) that occurred in 25 counties of Southeast Iowa. First, I would do a cursory review of the submitted forms. Prior to reviewing any calculations, I would verify 3 items; 1) maps showing where the samples were taken in each field (line) corresponding to the notice of loss stating where there was a possibility of hail, 2) confirm there a corresponding entry from each sample location on the Survey Sheet, 3) for each Survey Sheet entry is there a set of Field Notes. The Field Notes list the results each damaged plant in the sample. The National Crop Insurance Handbook can require up to 20 plants be inspected in just one sample. I did not make these items up; they are all requirements to complete form NCIS 6301 Soybean Survey Sheet page FFIC 0238 part of the National Crop Insurance Handbook for Soybeans.  If the adjuster did not pull the "triple trigger", I rejected the claim, and returned the entire claim file for completion.

Galen Sornson signed the proof of loss on Thursday November 28, 2012, one day after the field audit. Galen Sornson did not pull the "triple trigger" therefore I would have rejected this claim for the following reasons:

1. Maps: Sornson did not attach maps for all the acreage Al Bruhn notified RCIS he had damage. The only maps were for acreage there was a corresponding Survey Sheet. He did not inspect all the acreage. Reject this claim.
2. Survey Sheets: There is a Survey Sheet for each map. The second field inspected is for line 25. Survey Sheets lists 11 samples taken. The corresponding map shows he made 10 inspections. I would have rejected this claim requiring Sornson to clean this up.
3. Field Notes: 4 of the 16 lines Sornson prepared maps and survey sheets there are **NO** field notes. The field notes for line 28 list 12 samples taken. The map and survey sheet for line 28 list only 11 samples. **NONE OF THE ENTRIES ON THE FIELD NOTES MATCH THE SURVEY SHEET.** These field notes are for a different field! So where are the field notes for line 28? I would have reported this error to my supervisor and requested guidance on how to proceed. This is not a common error. I do not trust any of the data collected in the field notes to be true. This kind of mistake could not have occurred if the notes were completed in the field while making the "counts". There is a possibility of insurance fraud. **REJECT THIS CLAIM!**

Reviewing the proof of loss Sornson faxed (FFIC 1130-1100) in the column "Agreed % of Loss" 16 lines list damage and 16 lines are marked with a blank line (dash) or a 0 (zero). Of these 16 lines Sornson provided field notes for a single line; #44. No data was collected. The words "no loss, no strips" were recorded. If Sornson is attempting to define representative samples as strips he is a little late. The appraisal provision mentioned earlier said representative samples are defined in the policy. Yet, there is no definition. If RCIS wanted to define representative samples as strips they should have put that in their policy. There is no question whether it hailed or not on the lines 16 lines marked on his hand-written proof of loss marked with a dash or 0 (zero). The only question is what was the correct percentage of loss. By marking those lines Sornson agreed it hailed.

There are no records of any counts on any of the 16 lines therefore policy limits should be paid on those lines. It was RCIS's duty to determine the damage and they failed. This is an additional 3,586.5 (acres) times $500 (per acre coverage) for an additional award of $1,793,250 discovered per Sornson's testimony. Add this to the $1,756,528 from my earlier calculations the total due Bruhn is $3,549,778 per the policy provisions.

The internal auditor would be required to review the notice of loss to determine all acres reported damage had been inspected. Lead adjuster Galen Sornson, field auditor Larry Grieme, the internal auditor, and Larry Burkhart all failed to compare the notice of loss acreage to the inspected acreage. There is a possibility of greater damage than I have stated.

In June of 2014 Larry Burkhart, RCIS Crop Hail/Named Peril Field Claims Manager, testified he had 42 years of experience doing this kind of work. He has been doing this work since 1972. Burkhart's January 25, 2013 letter to Al Bruhn he states: "RCIS has concluded that it adjusted and processed the claim in accordance with procedure and correctly paid you for this claim. Larry Burkhart never states RCIS followed the Crop-Hail policy provisions, National Crop Insurance Services Soybean Handbook, or the RCIS 2012 Crop-Hail Loss Adjustment Manual. The procedures followed were provided to Larry Burkhart a day earlier in a call with Chuck, Rick, and Dan. Page FFIC 0073 in Burkhart's hand written note he states: "Discussed collected Data" with the 3 executives mentioned above. This was the end of the primrose path Bruhn was led down. Burkhart is just one of a band of renegades who helped RCIS to renege on its promise to pay Al Bruhn for hail damage. Management determined the investigation was so bad it would be less expensive to have Bruhn file a suit than pay per policy provisions. The $3,549,778 award mentioned above may be less than expected by management. The executive had access to all the data, e.g., notice of loss, and I do not.

Retired farmers working part-time as independent crop insurance adjusters do not have the authority to issue checks on behalf of RCIS or Fireman's Fund Insurance Company. Only guys who wear ties have authority to issue checks for the dollars at stake in this claim. This company is an out of control money machine for its owners with no fear of being brought back under control.

Compensation

I will be compensated at the rate of $75/hour, plus expenses, for my study and testimony in this case.

Document/Materials Reviewed

Documents produced by RCIS – FFIC 0001 through FFIC 0399
RCIS 2012 Crop-Hail Loss Adjustment Manual FFIC 0741 through FFIC 0851
Deposition of Plaintiff, Al Bruhn
Deposition of Terry Nielsen
Deposition of Larry Burkhart
Deposition of Larry Grieme
Deposition of Ed Cerven
Deposition of Galen Sornson
Brad Nelson letter to Chuck Eldredge
Report of Gregory Meek