IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| BRUHN FARMS JOINT VENTURE,<br><br>Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendant. | No. 13-CV-4106-CJW<br><br>**ORDER** |

## *I. INTRODUCTION*

This matter is before the Court on Plaintiff's Motion to Compel Against Defendant Concerning Request No. 32 – Loss Reserve Documents (Doc. 81). Plaintiff seeks an order from the Court compelling Defendant to produce documents reflecting the loss reserve it believes Defendant must have placed on Plaintiff's insurance claim. Defendant resists the motion to compel, asserting it has no responsive documents (Doc. 89).

For the reasons that follow, the Court denies Plaintiff's motion to compel.

## *II. PROCEDURAL HISTORY AND BACKGROUND*

This suit arose when in 2012 Plaintiff suffered storm damage to its crops insured by Defendant. Defendant inspected the crop damage and paid Plaintiff approximately $250,000 for its loss. Unsatisfied, on October 3, 2013, Plaintiff filed suit against Defendant in state court. (Doc. 3). Defendant then removed to this Court based on diversity of citizenship. (Doc. 2). In Count 1 of its complaint, Plaintiff asserts that Defendant breached the parties' contract "because it refuses to compensate the Plaintiff under the terms of the contract" and "by failing to comply with other provisions and

1

duties required of it under the contract." (Doc. 3, at 2). In Count 2 of its complaint, Plaintiff alleged that Defendant acted in bad faith in adjusting the insurance claim, for which it sought "punitive damages in an amount sufficient to deter Defendant and others from such outrageous and intentional conduct in the future." (*Id.*, at 4).

On October 3, 2016, Plaintiff served on Defendant a Third Request for Production of Documents. Request No. 32 sought:

> Any and all documents, communication, data, or the like showing what reserves were set on the Bruhn claims and when those reserves were set. This is requesting information from May 1, 2012 through April 2013.

On November 7, 2016, Defendant responded by objecting to production of the documents on relevancy grounds.

On December 28, 2016, Plaintiff's counsel sent an email to Defendant's counsel requesting a supplemental answer.

On January 13, 2017, Defendant served a supplemental response on Plaintiff, indicating "there are no responsive documents."

## III. DISCUSSION

Plaintiff asks this Court for an order compelling Defendant to produce the requested documents, stating "Defendant's response that no documents exist simply cannot be accepted." (Doc. 81-1, at 3). Plaintiff insists that Iowa law requires Defendant to establish and report loss reserves for claims in litigation, and further insists based on Plaintiff's counsel's experience that such loss reserve documents simply must exist. (Id.). Defendant resists, indicating that Iowa law does not require it to maintain and report loss reserves on individual law suits. (Doc. 89, at 4). It also insists that it did not create a loss reserve for this case until Plaintiff filed suit, which occurred more than five months after the period of time covered by Plaintiff's request for production of documents. At oral argument on this motion, counsel for Defendant stated that Defendant did establish a loss reserve on this claim after Plaintiff filed suit.

2

Iowa law does not require insurance companies to report loss reserves on individual claims. Rather, Iowa Code § 515.63 requires insurance companies to report loss reserve information in the aggregate. The statute is intended to inform the Commissioner of Insurance about insurance companies' financial condition; it was not intended to provide information on individual claims. There is nothing about the statutory obligation that would support Plaintiff's supposition that loss reserve documents exist.

This dispute appears to the Court to be a product of the time limitation Plaintiff placed on its own request for production of documents. Defendant states it did not create a loss reserve on this claim until Plaintiff filed suit. That makes sense intuitively. More important, Plaintiff has provided the Court with no evidence that Defendant did create a loss reserve on this claim between May 1, 2012, through April 2013.

Plaintiff's counsel's adamant assertions that it must exist is not evidence. *See*, *e.g.*, *Couture v. Anderson*, Civ. No. 10–5026, 2012 WL 369451 at*6 (D. S.D. Feb. 3, 2012) ("A party may not move to compel discovery on the basis of a mere suspicion that the producing party has additional information that it failed to disclose."); *Harris v. Koenig*, 271 F.R.D. 356, 370 (D. D.C. 2010) ("I cannot compel what does not exist. If plaintiffs are speculating that documents responsive to these requests do exist, there must be a reasonable deduction that that is true, and not a mere hunch."); *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D. D.C.2008) ("Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced or that was destroyed. Speculation that there is more will not suffice.").

The Court has no basis for ordering Defendant to produce something it says does not exist. The applicable maxim is: *Nemo dat quod non habeat*—no one can give what he does not have. *See*, *e.g.*, *Health Management Solutions, Inc. v. Hartle*, No. 8:07CV05, 2007 WL 1726585 at *3 (D. Neb. Jun. 13, 2007) ("Clearly the court cannot compel production of a document or information, which does not exist."); *Rodriguez v. Union Pacific Railroad*, No. 8:04CV576, 2006 WL 898152 at *4 (D. Neb. Apr. 6, 2006) ("Clearly the court cannot compel production of a document or information, which does

not exist."); *Byrd v. Reno*, NO. CIV.A.96–2375CKK JMF, 1998 WL 429676, *17 (D. D.C. Feb. 12, 1998) ("However, defendant is not required to produce documents as to Requests # 18 and # 24 because there appears to be nothing further to compel."); *Towner v. Med. James, Inc.*, Civ. A. No. 94-2285-GTV, 1995 WL 477700 *1, 5, 7 (D. Kan. Aug. 9, 1995) ("The court cannot compel additional answer, when the answering party has purportedly given all it knows.").

## IV.  CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's Motion to Compel Against Defendant Concerning Request No. 32 – Loss Reserve Documents (Doc. 81).

**IT IS SO ORDERED** this 10th day of February, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa